UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>AARON PAPAZIAN, and others,<br><br>Defendants. | Case No. 5:24-cv-04061-PCP<br><br>**ORDER TO SHOW CAUSE RE: REMAND**<br><br>Re: Dkt. No. 7 |

This is an unlawful detainer action in which plaintiff U.S. Bank National Association ("US Bank") alleges that defendants Jerry Taylor, Sara Taylor, and Aaron Papazian have unlawfully failed to vacate a property in Salinas, California.

US Bank filed this lawsuit in California state court. Papazian then removed this case to federal court on December 29, 2023. *See US National Bank v. Papazian*, No. 23-cv-06715-PCP, Dkt. No. 1. Papazian asserted that this Court had federal question jurisdiction over the lawsuit. *See* 28 U.S.C. § 1331 (permitting a claim to proceed in federal court if it arises "under the Constitution, laws, or treaties of the United States"). On April 10, 2024, the Court adopted in full the Magistrate Judge's Report and Recommendation that the case be remanded back to state court because federal question jurisdiction was lacking. *See US National Bank v. Papazian*, No. 23-cv-06715-PCP, Dkt. No. 7.

On July 5, 2024, Papazian once again removed the case to federal court. *See* Dkt. No. 1. It does not appear, however, that Papazian has remedied the jurisdictional defects that made his prior removal improper. Federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005,

1014 (9th Cir. 2000). The Court previously concluded that this lawsuit presents no federal question because it asserts only an unlawful detainer claim under California state law, *see* Dkt. No. 1 at 5, and "[a] cause of action for unlawful detainer under California law ... does not arise under federal law." *JP Morgan Chase Bank, Nat. Ass'n v. Chavez*, No. 12-cv-00941 JW, 2012 WL 1142538, at *1 (N.D. Cal. Apr. 2, 2012).

In removing this case a second time, Papazian's only asserted basis for federal question jurisdiction remains US Bank's alleged reference to the federal Protecting Tenants at Foreclosure Act of 2009. *See id.* at 2–3. US Bank, however, makes no reference to this statute in its complaint, nor does Papazian provide any citation as to where it appears. Papazian further alleges the federal statute is applicable because US Bank purportedly violated the statute's ninety-day notice period. *See id.* at 3. The Court, however, cannot derive its jurisdiction from anticipated federal defenses.

Papazian is therefore ordered to show cause why this case should not be remanded to state court for the same reasons identified in the Magistrate Judge's prior Report and Recommendation. Papazian must do so in a brief of no more than five pages filed on or before August 30, 2024. If no such brief is filed or Papazian's brief fails to establish this Court's jurisdiction, the Court will again remand this matter to state court.

Finally, the Court reminds Papazian and all other parties that a continued pattern of removing any matter to federal court without a colorable basis for federal jurisdiction may lead to the party's designation as a vexatious litigant.

**IT IS SO ORDERED.**

Dated: August 23, 2024

P. Casey Pitts
United States District Judge